## MATTER OF TALANOA

### In Deportation Proceedings

### A-13550300

*Decided by Board April 17, 1967*

Where respondent's business failure was reasonably contemporaneous (within a period of less than 90 days) with the hearing in which he had the burden of establishing he was entitled to an exemption from the labor certification requirements of section 212(a)(14) of the Immigration and Nationality Act, as amended, motion to reopen proceedings is granted for the introduction of evidence material to the issue of whether respondent, in conjunction with his application for adjustment of status under section 245 of the Act, qualifies pursuant to 8 CFR 212.8(b)(4) for an exemption from obtaining a labor certification as one engaged in a commercial or agricultural enterprise.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmigrant—Failed to comply with conditions of nonimmigrant status.

ON BEHALF OF RESPONDENT: Donald L. Ungar, Esquire
220 Bush Street
San Francisco, California 94104

An order entered by the Board of Immigration Appeals on February 10, 1967 dismissed an appeal by the trial attorney at San Francisco from a decision of the special inquiry officer adjusting the respondent's status to that of a permanent resident alien pursuant to the provisions of section 245 of the Immigration and Nationality Act. The order entered by the special inquiry officer terminated the proceeding. The case is again before us on a motion filed by the Immigration and Naturalization Service on March 13, 1967 requesting a reopening of the proceeding for the introduction of evidence alleged to be material to the issue of whether the respondent qualifies for an exemption from obtaining a certification from the Secretary of Labor pursuant to the provisions of 8 CFR 212.8(b)(4). Counsel for the respondent has submitted a brief in opposition to the motion.

The respondent, a native and citizen of Tonga, has been found

deportable under the provisions of section 241(a)(9) in that he is a nonimmigrant who failed to comply with the conditions of his nonimmigrant status. The respondent is a married male alien, 40 years of age. He was admitted to the United States at the port of Honolulu, Hawaii on January 15, 1963 as a student. Thereafter, his status was changed to an industrial trainee and he was authorized to remain in that status until March 6, 1964. The special inquiry officer in a decision dated September 21, 1966 concluded that the respondent was not required to have a certification from the Secretary of Labor as a prerequisite for the issue of an immigration visa inasmuch as he was exempted by the provisions of 8 CFR 212.8(b)(4). We affirmed the conclusion reached by the special inquiry officer in our decision of February 10, 1967.

Supporting the Service motion is an affidavit executed by the Chief, General Investigations Section of the Immigration and Naturalization Service on March 6, 1967. It states in substance that the respondent no longer operates a mobile nursery and gardening service and since December 12, 1966 has been employed by Pan American Airways as a "fleet serviceman" working a 5-day, 40-hour-week schedule. The Service maintains that since the respondent ceased to be an independent contractor prior to the Board's decision of February 10, 1967 this factor "casts serious doubt on the finding that the business in which he (respondent) was engaged ... was a 'commercial or agricultural enterprise' of a substantial nature within the meaning of 8 CFR 212.8 (b)(4)."

Counsel in his reply to the Service motion concedes that the respondent's commercial venture was not successful. He opposes a reopening of the proceeding on the ground that "no ironclad guarantee of business success can be demanded of an alien who seeks the labor certification exemption." Counsel relies on a statement by the Board in its opinion of February 10, 1967, to wit, "The test of an alien's ability and resources to carry on the contemplated enterprise cannot be measured by hard and fast rules or by the amount of capital he invests in the undertaking. It will vary with the nature of the enterprise. Whether the contemplated enterprise will be one that has a reasonable chance of success cannot be tested in every case by the alien's ability or resources. There are certain risk facts associated with the establishing of any commercial or agricultural enterprise."

Counsel maintains that the respondent has met the burden imposed by the statute on one occasion and that subsequent events have no bearing on the issue because "all that is required is a showing of the alien's good faith intention of carrying on the contemplated enterprise and a reasonable chance of success, based upon his abilities and resources."

We said in our opinion of February 10, 1967 that an alien "who seeks an exemption from the labor certification requirement of section 212 (a) (14) has the burden of establishing his good faith intention of engaging in a stated enterprise and his ability and resources to carry on the stated enterprise." The hearing in the instant case was concluded on September 21, 1966. Within a period of less than 90 days the respondent found it impossible to continue with the commercial venture which he had established. The respondent, on the very day that his counsel argued his case before this Board, accepted employment with Pan American Airways as a "fleet serviceman." The affidavit supporting the motion states that the respondent's telephone at his place of business (1528 Noe Avenue) was discontinued in November of 1966. Since the failure of the respondent's business venture was reasonably contemporaneous with the hearing in which he had the burden of establishing that he was entitled to the exemption provided by 8 CFR 212.8(b) (4), we conclude that there is a sound basis for the Service request for a reconsideration of the respondent's eligibility for adjustment of status under section 245 (*supra*). This rule should apply to any case in which the adjustment of status has not been granted.

Counsel during oral argument before this Board on December 12, 1966 raised the issue of whether Public Law 89-731,[1] enacted subsequent to the special inquiry officer's opinion of September 21, 1966, exempted the respondent from the labor certification requirement. Counsel also urged the Board to rule that the Service should be estopped from invoking the provisions of section 212(a) (14) because respondent's application for relief under section 245 was ready for adjudication in May of 1965 before the present statute became effective.

This issue was raised by counsel in *Matter of Hoeft*, A-14127754, Int. Dec. No. 1723, BIA, April 14, 1967. We found that Congress intended the amendment to section 245(c) enacted on November 2, 1966 (P.L. 89-732, 80 Stat. 1161) to benefit only persons whose applications were on file before December 1, 1965 and could not be previously considered because of the provisions of section 245(c). We concluded that the amendment of section 245(c) created an exception only for those mentioned in the section, *i.e.*, natives of the Western Hemisphere and adjacent islands, who had filed applications for adjustment of status before December 1, 1965. The respondent herein filed his application for adjustment of status in February of 1964 but he is not a native of the Western Hemisphere or adjacent islands.

---

[1] Public Law 89-732 provides, *inter alia*, that Western Hemisphere natives may adjust their immigration status under section 245 provided they had filed their applications prior to December 1, 1965. It also exempts such applicants from the labor certification provided of section 212(a) (14).

Accordingly, no benefit accrues to the respondent by reason of the amendment to section 245 of the Act of November 11, 1966 (*supra*). An appropriate order will be entered.

**ORDER:** It is directed that the case be remanded to the special inquiry officer for the introduction of evidence material to the issue of the respondent's eligibility for relief under section 245 of the Immigration and Nationality Act and to permit the respondent an opportunity to testify and submit evidence in his own behalf on this issue.

*It is further ordered* that the Board's order of February 10, 1967 be and the same is hereby withdrawn.

190