MATTER OF PFAHLER

In Exclusion Proceedings

A-17085998

*Decided by Board February 27, 1967*

Where an applicant for admission as an immigrant who comes within the pro-
visions of section 212(a)(14) of the Immigration and Nationality Act, as
amended, and who has been issued a clearance order for a job as painter-
supervisor promised him by a painting contractor, is also coming to the
United States to work at a second job, namely, as a dock foreman, he is at
the same time entering another section of the labor market and, therefore,
it is encumbent upon him to obtain and present a labor certification to cover
the second area of work.

EXCLUDABLE: Act of 1952—Section 212(a)(14) [8 U.S.C. 1182]—Seeks to enter
the United States to accept employment different
from that for which a labor certification has been
granted.

ON BEHALF OF APPLICANT: Edgar J. Dietrich, Esquire
1133 First National Building
Detroit, Michigan 48226

Applicant is a 34-year-old married male alien, a native and citizen
of Canada, in possession of a non-quota immigrant visa. As a would-be
special immigrant, who is neither the parent, spouse nor child of a
United States citizen or lawful permanent resident, applicant comes
within the provisions of section 212(a)(14) and must present a labor
certification in order to be admissible.

Attached to applicant's immigrant visa which, incidentally, shows
his occupation to be "truck driver," is a certification from the Depart-
ment of Labor on Form ES-575-A and ES-575-B. This certification
covers a job promised to applicant by John Loree, a painting con-
tractor. The job is that of painter-supervisor for Loree, who does
business from a Detroit address. On the portion of the ES-575 form
filled in by the alien, and from the record in general, it appears that
the applicant is qualified to work either as a painter or truck driver.

When applicant applied for admission as an immigrant at Detroit,
Michigan on January 6, 1967, he stated that he was destined to work

for Hennis Freight Lines as a dock foreman, and that if such work was not available he would then work for John Loree as a painter-supervisor; that the reason he was not immediately going to work for John Loree was Loree's business was in a seasonal slack period. Applicant was detained for an exclusion hearing as one not clearly entitled to enter.

At the hearing herein, applicant testified that it had been his intention at all times to work for John Loree, but at the same time to work for Hennis Freight Lines as a dock foreman. He claimed that he would be able to put in a forty-hour week for both employers, the dock work being from 3 to 12 every day on weekdays, and that he would be able to put in several hours a day plus full days on weekends working for John Loree. He stated that he had discussed this arrangement with Loree and Loree had agreed to it. Mr. Loree testified that this was the case, and that he had approved this course of action since in his own business, where he definitely intends to employ applicant, the hours are often irregular so that applicant's proposed schedule could be used to advantage. He testified that he understood that the applicant for financial reasons, had to start work immediately and because at the time of the discussion Loree's business was having the usual year-end holiday slack, he suggested the applicant go to work first for the freight lines. Applicant testified that he had never discussed with Hennis Freight Lines the question of whether they would apply for and obtain a clearance for him. It appears that he did not know such a clearance would be asked for or required.

The special inquiry officer, in making his decision, indicated it as his belief that the applicant was destined to work for Hennis Freight Lines alone, and not for both companies and that in any event he did not have a clearance for employment by the Freight Lines and therefore did not possess the proper documentation to enter the United States and must be excluded. He further stated that because he believed the Board of Immigration Appeals had not had occasion to consider the issues presented in this case, he would certify the same to the Board for review. His conclusion is formally stated in the following fashion:

"*Conclusion of Law:* (1) That because the applicant is seeking to enter the United States to accept employment different from that for which he has been granted a labor certification under section 212(a)(14) of the Immigration and Nationality Act he is excludable under that provision of law."

From the record before us, we do not find it as manifest as did the special inquiry officer that the applicant has no intention of working at the painter-supervisor job for which he has the certification. The record does establish, however, that the applicant has a definite intention to work for the Hennis Freight Lines as well.

115

The purpose of the labor certification as specifically set forth in the statute, is to establish (1) that there are not sufficient workers in the United States who are able, willing, qualified and available at the place to which the alien is destined to perform such skilled or unskilled labor as he intends to perform and (2) that the employment of this particular alien will not adversely affect the wages and working conditions of workers in the United States similarly employed. Thus, even though the applicant has a clearance order for the job as painter-supervisor, if he also is coming to the United States to work at a second job, namely, as a dock superintendent or foreman for Hennis Freight Lines, he is at the same time entering another section of the labor market. It is therefore incumbent upon him to obtain and present evidence that his proposed entry into this second area of work will likewise not have the prejudicial effects which the statute seeks to prevent.

The Secretary of Labor has issued schedules and categories of employment for which the determination and certification required by section 212(a)(14) cannot be made. These are grouped in a list entitled "Schedule B" (29 CFR section 60.2(a)(2)). Neither the occupation of dock superintendent nor foreman, nor truck driver, appears on Schedule B, and, therefore, it may be assumed that under proper conditions certifications can be issued for either of those occupations. Since it appears that the second job to which the applicant is destined is one for which a labor certification may be obtained, we believe the applicant should be given an opportunity to obtain and present such a certification.

We will therefore set aside the exclusion order heretofore entered herein and remand these proceedings with the direction that the applicant be given an opportunity to obtain and present a clearance as a dock worker and/or truck driver, whichever is deemed appropriate by the local office of Labor Department, to cover the second position at which the applicant intends to work.

**ORDER:** It is ordered that the decision of the special inquiry officer heretofore entered herein. ordering that applicant be excluded and deported from the United States, be set aside.

*It is further ordered* that this case be remanded to the special inquiry officer for proceedings not inconsistent with this opinion.