## MATTER OF FINAU

### In Deportation Proceedings

### A-13054549

*Decided by Board February 10, 1967*

Although respondent's business is that of an independent landscape contractor, since the evidence shows he is skilled and qualified in authentic Polynesian construction; remodels and redecorates restaurants with Hawaiian-style thatch roofs; has contracts for the construction of canoe houses, native houses, and buildings of historical interest amounting to approximately $30,000; has an original investment of more than $1,000 in trucks and other equipment and employs one person in his business, he comes within the exception of 8 CFR 212.8(b)(4) as "an alien who will engage in a commercial . . . enterprise in which he had invested or is actively in the process of investing a substantial amount of capital"; therefore, he is exempt from the labor certification requirement of section 212(a)(14) of the Immigration and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to comply with conditions of non-immigrant status.

ON BEHALF OF RESPONDENT:
Donald L. Ungar, Esquire
220 Bush Street
San Francisco, Calif. 94104
(Brief submitted)

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney
(Oral argument)

The special inquiry officer, in a decision dated October 5, 1966, grants the respondent's application for adjustment of status under section 245 of the Immigration and Nationality Act and certifies his order for final decision of the Board of Immigration Appeals.

Respondent, a married male alien, 44 years of age, is a native and citizen of Tonga. He was admitted to the United States as a student on September 5, 1962. It is conceded that he is deportable as charged in the order to show cause.

The respondent's application for relief under section 245 of the Immigration and Nationality Act is concerned with the issue of whether he is required to submit a certification from the Secretary of Labor pursuant to section 212(a)(14) of the Immigration and Nation-

ality Act, as amended. This issue was before us when we last considered the case on August 4, 1966. We noted on that occasion that the special inquiry officer's conclusion that the respondent is not required to have a labor certification because he was self-employed was rendered prior to the publication on July 23, 1966 of regulations setting forth the classes of aliens exempted from obtaining a certification (31 Fed. Reg. 10021, 8 CFR 212.8(b)). We remanded the case to the special inquiry officer for consideration of what effect, if any, the published regulation would have on respondent's application for adjustment of status and to enable the Immigration Service and respondent to make such further representations as they desire.

The facts of the case are fully stated in the special inquiry officer's opinion of May 13, 1966. They establish that the respondent violated his student status by engaging in employment as a yardman earning $350 per month. Since 1964 the respondent has been engaged in landscaping enterprises as an independent contractor. According to the record, he has invested more than $1,000 in equipment to carry on this business. He advertises in newspapers and makes estimates upon request by prospective customers. He undertakes the project after the price has been agreed upon. He builds and thatches native buildings in Hawaii which are of particular value to those interested in attracting tourists.

The record contains evidence that the respondent has unique skills in the area of authentic Polynesian construction and that these skills do not in any way compete with the available skills of United States citizens (Ex. 4). There is also evidence that the respondent is the only independent contractor qualified in Polynesian construction that could be obtained by the operator of a large tourist attraction (Ex. 4). He also remodels and redecorates restaurants with Hawaiian-style thatch roofs. He employs a resident alien in his construction business. It is alleged that he has offers of contracts for similar construction and redecorating.

Section 212(a)(14) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(14)) as amended by the Act of October 3, 1965, provides in part that an alien seeking to enter the United States for the purpose of performing skilled or unskilled labor is ineligible for a visa unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified and available at the time of application for a visa and admission to the United States to perform such labor at the place to which the alien is destined and (B) the employment of such aliens will not adversely affect the wages and working conditions of workers of the United

States similarly employed. 8 CFR 212.8(b) interprets what amounts to the performance of skilled or unskilled labor referred to in Section 212(a) (14) (*supra*). It reads in pertinent part: "The following members are not considered to be within the purview of section 212(a) (14) of the Act and do not require a labor certification: . . . (4) an alien who will engage in a commercial or agricultural enterprise in which he had invested or is actively in the process of investing a substantial amount of capital; . . ."

The foregoing regulation raises the issue of what amounts to a "substantial amount of capital." The special inquiry officer is of the opinion that the term refers to an amount of capital which is substantial according to the enterprise under consideration, and that the term is not restricted to a monetary amount. The special inquiry officer concludes that the respondent has invested a substantial amount of capital for his particular business since the evidence establishes that he (respondent) has contracts for the construction of canoe houses, native houses, and buildings of historical interest amounting to some $30,000 or more; that the respondent has the equipment, the know-how, and the facilities to carry on this commercial enterprise and that his original investment now amounts to considerably more than $1,000 in trucks and other equipment.

The Service takes the position that an alien who organizes and creates a commercial enterprise of his own with a small investment of capital that he has earned by performing skilled or unskilled labor cannot avoid the exclusion provisions of section 212(a) (14) unless the alien proves by tangible evidence that his business was established in good faith and that he has the ability and resources to continue and expand the enterprise. The Service maintains that there is no substantial evidence of record that the respondent is conducting a business of the magnitude that he alleges. The Service argues that there is only the respondent's testimony that he has contracts amounting to some $30,000 or more. The Service doubts the respondent's testimony that his investment has been steadily increased since he went into business. The Service seeks a remand of the case for additional evidence of the operation and volume of business the respondent now has.

We find no basis for a remand of the case to the special inquiry officer. The record contains sufficient evidence for a decision on the merits. Our order of August 4, 1966 afforded the Service and the respondent an opportunity to reopen the proceeding for additional evidence. The Service, on August 30, 1966 and the respondent on August 25, 1966, advised the special inquiry officer that they had no objection to his consideration of the case without further hearing. The case has been pending since the order to show cause was issued in

December of 1963. Evidence of the volume now grossed by the respondent is not essential for a final disposition of the issue before us.

8 CFR 212.8(b)(4) does not define the terms "commercial or agricultural enterprise" and "substantial amount of capital." We agree that an alien who seeks an exemption from the labor certification requirement of section 212(a)(14) has the burden of establishing his good faith intention of engaging in that enterprise and his ability and resources to carry on the contemplated enterprise. The test of the alien's ability and resources to carry on the contemplated enterprise can not be measured by hard and fast rules or by the amount of capital he invests in the undertaking. It will vary with the nature of the enterprise. Whether the contemplated enterprise will be one that has a reasonable chance of success can not be tested in every case by the alien's ability or resources. There are certain risk factors associated with the establishing of any commercial or agricultural enterprise. We do not agree with the Service argument that a laboring background should be considered as a factor in judging the respondent's ability to carry on in his chosen field. This also would vary with the nature of the enterprise. There are many successful enterprises in the building industry which were established by men with laboring backgrounds.

The special inquiry officer concludes that as a matter of law the respondent has met the burden of establishing that he is an alien who is engaged in a commercial enterprise in which he has invested a substantial amount of capital and therefore comes within the exception of 8 CFR 212.8(b)(4). We affirm this conclusion. The respondent is eligible to receive an immigrant visa as he is exempted from procuring a labor certification by the provisions of 8 CFR 212.8(b). Since it appears that an immigration visa is currently available under the quota of Tonga, we affirm the approval of the respondent's application for an adjustment of staus pursuant to the provisions of section 245 of the Immigration and Nationality Act. The Service request to remand the case to the special inquiry officer will be denied. An appropriate order will be entered.

ORDER: It is directed that the order entered by the special inquiry officer on October 5, 1966 be and the same is hereby affirmed. The Service request to remand the case to the special inquiry officer is hereby denied.