MATTER OF ZANG

In Visa Petition Proceedings

A-13759842

*Decided by Acting District Director May 1, 1969*

Since a visa petition to classify an alien as a preference immigrant under section 203(a)(6) of the Immigration and Nationality Act, as amended, must be supported by a certification by the Secretary of Labor, a visa petition to accord beneficiary sixth preference classification as a licensed contractor or construction superintendent is denied in the absence of a supporting labor certification notwithstanding beneficiary, as an investor, might be exempt from the need for such certification (8 CFR 212.8(b)(4)) if applying for immigrant status as a nonpreference immigrant.

ON BEHALF OF PETITIONER:    Ben Shapero, Esquire
                            1500 First National Building
                            Detroit, Michigan

The petition seeks to classify the beneficiary as a preference immigrant under section 203(a)(6) of the Immigration and Nationality Act, as amended, for employment as a licensed contractor or construction superintendent.

The beneficiary is a citizen of Israel, born February 21, 1944, in Israel. He is an equal partner in a general contracting company and is primarily engaged in the field operation of this firm. He intends to continue in his present calling.

Section 203(a)(6) of the Act, as amended, provides for the availability of visas to qualified immigrants who are capable of performing specified skilled or unskilled labor, not of a temporary or seasonal nature, for which a shortage of employable and willing persons exists in the United States.

Section 203(a)(8) of the Act provides, *inter alia*, that no immigrant visa shall be issued to an immigrant with a preference under section 203(a)(6) of the Act until the consular officer is in receipt of a determination made by the Secretary of Labor pursuant to the provisions of section 212(a)(14) of the Act. The latter section also specifically makes sixth preference beneficiaries

290

subject to such a determination by the Secretary of Labor. The pertinent portion of the implementing regulation, 8 CFR 204.1(d), provides that a petition for sixth preference classifica- ·tion must be accompanied by a certification under section 212(a) (14), *supra*.

On September 1, 1967, the beneficiary entered into an equal partnership agreement for the establishment of an independeng general contracting firm. His initial cash investment was one thousand dollars, and his partner invested five thousand dollars. Petitioner, through counsel, proposes that the partnership agree- ment was predicated on the basis of the beneficiary's knowledge of the construction business and his licensure by the State of Michigan as a building contractor; that his knowledge, experience and licensure, coupled with the cash investment of one thousand dollars, was at least quivalent to his petitioner's cash investment. Two financial statements submitted in support of the petition re- flect that the present assets of the petitioning company are $27,985.82, an increase of more than one hundred per cent during the period from January 1968 to November 1968. From the evi- dence presented, it is considered that the business is enjoying some degree of success when considered by the standards nor- mally applied to a small business venture.

Petitioner, at Service direction, applied to the Bureau of Em- ployment Security, Department of Labor, for the certification re- quired by section 212(a) (14) of the Act, as amended. Under date of July 9, 1968, the Regional Administrator, Bureau of Employ- ment Security, Chicago, Illinois, rejected the application for alien employment certification on the following grounds:

We note in item 20 of ES 575B, that the alien will be paid a share of the profits rather than a regular salary. It appears from the application that Mr. Zang will be a partner in the business rather than an employee of the firm. Persons who will be self-employed in the United States are not eligible for alien employment certification. Consequently, we are returning your re- quest without action by the Department of Labor.

The Regional Administrator's remarks are interpreted to indi- cate that the beneficiary is either being considered as an investor and not required a certification under 8 CFR 212.8(b), or is con- sidered to be within 8 CFR 212.8(a) as an alien who will not en- gage in skilled or unskilled labor in the United States. Upon care- ful consideration of the cited regulations, it is apparent that the beneficiary will in fact engage in skilled labor in the United States and cannot·be exempted certification as one who will not so engage himself. Consideration is therefore directed to exemption

291

from labor certification as an investor within 8 CFR 212.8(b)(4). This regulation defines an investor as:

an alien who will engage in a commercial or agricultural enterprise in which he had invested or is actively in the process of investing a substantial amount of capital.

Webster's New World Dictionary, College Edition, defines capital in the pertinent parts as:

—wealth (money or property) owned or used in business by a person, corporation etc., an accumulated stock of such wealth; wealth, in whatever form, used or capable of being used to produce more wealth; hence, any source of profit or benefit; assets; resources, as energy and education are his only capital.

The same authority defines property when considered in connection with capital as:

the right to possess, use and dispose of something; ownership; as property in land. a thing or things owned; holdings or possessions collectively; especially, a land or real estate owned.—any trait or attribute proper to a thing, or, formerly, to a person.—something regarded as being possessed by, or at the disposal, of a person or group of persons:

Applying these definitions to the instant case, it may be considered that the beneficiary has invested and is actively investing capital, both in the form of cash and property, in a commercial enterprise in which he is presently engaged and in which he intends to continue. Although the beneficiary has only invested $13,992.60 on the basis of the firm's most recent financial statement, the nature of the construction industry is such that the fixed assets of a particular company is not a true reflection of its worth. No large inventory of equipment and goods is required; the physical plant need be neither complex nor extensive and with the exception of heavy equipment, which can be leased or subcontracted, most of the employees will possess their own tools and light equipment; therefore, though a small investment in the light of heavy industry and the world of high finance, by small business standards this investment is considered to be substantial.

In considering whether a petition in behalf of the equal partner of the petitioning firm is proper, we find that the *Matter of M—*, 8 I. & N. Dec. 24, holds the sole owner of the petitioning corporation to be properly considered the beneficiary of a preference immigrant visa petition. The language of 8 CFR 204.1(d) appears consistent with this finding and provides for the filing of a visa petition by a person, firm, or organization desiring and intending to employ within the United States an alien entitled to classification as a preference immigrant under section 203(a)(6) of the

Act, as amended. There is no question that the petitioner when considered as a firm or organization does desire and intend to employ the beneficiary in the stated capacity.

The beneficiary may be considered qualified as an investor within the meaning of 8 CFR 212.8(b)(4) and, as such, exempt from the need for a labor certification if he were seeking admission as a nonpreference or special immigrant as defined in section 101(a)(27)(A) of the Act or seeking adjustment of status to that of a permanent resident as a nonpreference immigrant. However, an alien investor who desires a sixth preference classification is not seeking that classification in the capacity of an investor. Instead, he is seeking it in the capacity of an employee and, as previously stated, such classification may only be accorded, as a matter of law, if the petition is supported by a labor certification. The Department of Labor has declined to issue the required certification on the basis that the alien will be self-employed and not eligible for consideration of alien employment certification. That Department's decision is not, of course, subject to review by this Service.

When this case was first considered, nonpreference visa numbers were unavailable and the alien beneficiary did not qualify as a special immigrant. Since nonpreference visa numbers are presently available and the beneficiary may qualify as an investor, consideration under this classification will be accorded to the beneficiary in the event that an appropriate application is filed.

In view of the requirement that a petition to classify a beneficiary as a preference immigrant under section 203(a)(6) of the Act must be supported by a certification by the Secretary of Labor, notwithstanding the fact that the beneficiary might be exempt from the need for such certification if applying for immigrant status as a nonpreference or special immigrant, and the petitioner has not presented such a certification, the petition must be denied for lack of a valid unexpired labor certification. Pursuant to 8 CFR 204.1(d)(4), no appeal shall lie from this decision.

*It is ordered* that the petition be denied for lack of a certification issued pursuant to section 212(a)(14) of the Act by the Secretary of Labor.

293