Tevita TALANOA, Petitioner,

v.

IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.

No. 24446.

United States Court of Appeals, Ninth Circuit.

June 8, 1970.

Donald L. Ungar (argued), of Phelan, Simmons & Ungar, San Francisco, Cal., for appellant.

David R. Urdan (argued), Chief Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., Stephen M. Suffin, of San Francisco, Cal., John N. Mitchell, Atty. Gen. of U. S., Washington, D. C., for appellee.

Before CHAMBERS and CARTER, Circuit Judges and PENCE *, District Judge.

## PER CURIAM:

Petitioner came to the United States in 1963 at age 36 as a student. He did not register for or attend school but instead began to work in violation of his student status. On December 11, 1963, he was directed to leave the United States. Since that date the Immigration and Naturalization Service has been attempting to accomplish that result.

In Talanoa v. Immigration and Naturalization Service (9 Cir., 1968) 397 F.2d 196, we considered the case in detail. The special inquiry officer had found petitioner ineligible for adjustment of status under § 245 of the Immigration and Nationality Act (8 U.S.C. § 1255) but gave petitioner the privilege of voluntary departure. Petitioner's appeal was denied by the Board of Appeals. On petition for review we affirmed the officer and the Board.

Petitioner then asked the Board to reopen and reconsider the previous order affirmed by this court. The Board denied the motion and petitioner again seeks to review the order.

He claims now that he is eligible for adjustment of status under § 245 of the Act (8 U.S.C. § 1255); and that he does not need a labor certificate under § 212(a) (14) of the Act (8 U.S.C. § 1182(a) (14)) because 8 C.F.R. 212.8 (b) (4) exempts from the requirement of a labor certificate, "an alien who will engage in a commercial or agricultural enterprise in which he had invested or is actively in the process of investing a substantial amount of capital."

In his affidavit, petitioner states it is his intention to engage in the business of sweeping commercial and shopping center parking lots. The record below shows he has entered an agreement with one Jarvis to purchase an industrial sweeper for $1000 and has made a down payment of $250. The purchase agreement specifies it shall become final only if the Board acts favorably on the petition to reconsider and to grant adjustment of status. Petitioner's affidavit also shows that his prior proposal, a gardening service and nursery business, failed.[1]

* Hon. Martin Pence, Chief Judge, District of Hawaii, sitting by designation.

1. Petitioner's appellate brief states that his sweeping business plans have been altered and that "he is now beginning a janitorial service." While this evidence was not before the Board of Appeals, it certainly does not aid petitioner's position.

Petitioner thus has no business, no customers, no substantial investment and no prospects. He has not brought himself within the terms of 8 C.F.R. 212.8(b) (4). Petitioner contends the regulation exceeds the permissible scope of a regulation based on § 212(a) (14) of the Act, (8 U.S.C. § 1182(a) (14)). We find this contention totally without merit.

The order of the Board is affirmed.