MATTER OF AHMAD

In Deportation Proceedings

A-13323205

*Decided by Board August 23, 1974*

To qualify for the investor exemption from the labor certification requirement of section 212(a)(14) of the Act, the respondent must, pursuant to 8 CFR 212.8(b)(4), establish that he is an investor who has invested, or is actively in the process of investing capital totaling at least $10,000. That portion of the investment concerning the inventory in a gasoline station business can only be considered as the value of the inventory on hand at a given time, plus prepaid orders not yet delivered. The amount respondent has committed himself to pay for the entire year's inventory is not the measure of the investment.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant-student— remained longer

ON BEHALF OF RESPONDENT:
David W. Walters, Esquire
203 Southwest 13th Street
(Coral Way)
Miami, Florida 33120

ON BEHALF OF SERVICE:
Irving Schwartz, Esquire
Trial Attorney
Chicago, Illinois

On December 21, 1972 we dismissed the respondent's appeal from the immigration judge's denial of a motion to reopen to afford the respondent an opportunity to apply for withholding of deportation to Pakistan, pursuant to section 243(h) of the Immigration and Nationality Act. The present motion to reopen involves an application for adjustment of status under section 245 of the Act. The motion will be denied.

The alien respondent, a native of India and a citizen of Pakistan, seeks permanent resident status as a nonpreference immigrant. When he filed this motion to reopen, he asserted that numbers were available to nonpreference immigrants born in India and that the labor certification requirement of section 212(a)(14) did not apply to him, as he fell within the investor exemption to the labor certification requirement contained in 8 CFR 212.8(b)(4). In its memorandum of opposition to the respondent's motion, the Immigration and Naturalization Service stated that numbers were no longer available and that, in any case, the respondent had offered insufficient evidence that he was an investor.

An alien seeking discretionary relief—and adjustment of status under section 245 of the Act is a form of discretionary relief—bears the burden of establishing that he is statutorily eligible for such relief and that discretion should be exercised in his behalf. 8 CFR 242.17(d). To satisfy the statutory requirements, the alien must show that he was inspected and admitted or paroled into the United States, that he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and that an immigrant visa is immediately available to him at the time his application is approved. The respondent was inspected and admitted to the United States as a nonimmigrant. He does not appear to be inadmissible under any of the "qualitative" provisions of the Act. What remains to be determined is whether the respondent is otherwise eligible to receive an immigrant visa, and whether a visa number is available to him as a nonpreference immigrant.

On February 15, 1973, when the respondent filed his motion to reopen, the nonpreference category for persons born in India was current. It remained current in March, April, and May 1973. In June 1973 visa numbers in the nonpreference category became unavailable. On June 1, 1973 the Service indicated its opposition to the motion on the grounds that nonpreference numbers were unavailable and that the respondent had submitted insufficient proof of his investment. At the present time the cut-off date for nonpreference numbers applicable to the respondent is March 1, 1974, according to the Department of State Bulletin on the Availability of Immigrant Visa Numbers for August 1974. This means that if the applicant has a priority date on the waiting list which is not more than 90 days later than March 1, 1974, a visa is considered available for accepting and processing the application Form I-485. 8 CFR 245.1(g)(1). Since the respondent submitted his application for adjustment of status and supporting documents on February 15, 1973, that apparently would be his priority date if he could prove that he qualifies as an investor. However, we need not concern ourselves with priority dates [1] and filing dates [2] because we agree with the Service contention that the respondent has not offered sufficient proof that he is exempt from the section 212(a)(14) labor certification requirement. We find that he has not satisfactorily established that he "has invested, or is actively in the process of investing, capital totaling at least $10,000 . . ." in a commercial or agricultural enterprise and "has had at least 1 year's experience or training qualifying him to engage in such enterprise." 8 CFR 212.8(b)(4).

An alien who asserts that he qualifies for the "investor" exemption from labor certification has the burden of establishing his claim. 8 CFR

---

[1] 8 CFR 245.1(g)(2).
[2] 8 CFR 245.2(a)(2).

212.8(b) and (b)(4); *Matter of Lau,* 14 I. & N. Dec. 694 (BIA 1974); *Matter of Talanoa,* 12 I. & N. Dec. 187 (BIA 1967), affirmed, *Talanoa v. INS,* 427 F.2d 1143 (C.A. 9, 1970). His proof in this regard must be unambiguous, and doubts should be resolved against the "investor" claimant. In many instances a bona fide investor will properly be able to engage in activities of a skilled or unskilled nature. *Matter of Heitland,* 14 I. & N. Dec. 563 (BIA 1974); *Matter of Ko,* 14 I. & N. Dec. 349 (Dep. Assoc. Commr. 1973); cf. *Matter of Zang,* 13 I. & N. Dec. 290 (Acting D.D. 1969). However, the "investor" exemption contained in 8 CFR 212.8(b)(4) should not become a means of circumventing the normal labor certification procedures for an ordinary skilled or unskilled laborer. It is therefore appropriate to require adequate proof of an alien's investment. This proof will generally include, but is not limited to, written agreements, tax forms, bank statements, and accounting reports relating to the alien's investment. An absence of or deficiency in documentation along these lines must be satisfactorily explained before an alien may prevail on a claim to the "investor" exemption from labor certification.

In Form G-325A, Biographic Information, the respondent states that he has had more than nine years of experience, both in Pakistan and in the United States, as a self-employed owner of gasoline filling and service stations such as the one concerned in his application; and in Form I-526 he declares that he has a certificate from the Mobil Oil Corporation showing that he is qualified to engage in this type of enterprise. However, he has not offered any documentation to support these assertions. The respondent has submitted a bank statement for December 1972 which shows a constant balance of between $5,100 and $5,900, but which could be a statement of his personal account rather than that of his business. In *Matter of Heitland,* supra, we indicated that funds deposited in an idle bank account cannot be considered part of an investment within the meaning of the regulation, because such funds are not used in connection with an entrepreneurial undertaking. This respondent has not shown that any or all of the funds in his bank account are actually employed in the operation of his business and thus constitute a part of his investment.

The respondent has also submitted contracts for the leasing of some equipment and of the service station itself, and a contract for the purchase of gasoline, oil, and grease. The equipment loan agreement contains no cost information; rental for the service station comes to a minimum of $600 per month. These costs do not appear to amount to more than a few thousand dollars. The retail dealer contract involves the purchase of goods to be sold. No cost figures have been furnished. The respondent evidently will pay for each succeeding month's shipment of gasoline, oil, and grease out of the proceeds of the preceding month.

The amount of investment in this sort of revolving payment and sale of inventory does not total more than the value of the inventory on hand at any given time, together with the cost of maintaining that inventory, plus funds already expended on orders not yet delivered. We cannot consider as his "investment" the total amount he has committed himself to pay for the entire year's purchase of these goods.

Taken together, these investments do not appear to add up to the minimum of $10,000 as required by the regulation. Accordingly, we find that the respondent has not made a prima facie showing that he qualifies for the exemption from labor certification contained in 8 CFR 212.8(b)(4). He has not satisfactorily shown the amount of his investment or his qualifications for engaging in this type of enterprise. Consequently, he is not admissible to the United States as a nonpreference immigrant, and therefore he is statutorily ineligible for relief under section 245 of the Act.

**ORDER:** The motion is denied.