MATTER OF LUI

In Deportation Proceedings

A-19036861

*Decided by Board March 13, 1975*

In order for an alien to qualify for exemption from the labor certification requirement of section 212(a)(14) of the Immigration and Nationality Act as an investor under 8 CFR 212.8(b)(4), he must be actively in the process of investing at least $10,000 in a business. Conditional intent to make the investment is not sufficient under the regulation. The record is remanded to the immigration judge for further proceedings to permit respondent opportunity to further document his claim.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]Nonimmigrant, remained longer.

ON BEHALF OF RESPONDENT:
Elmer E. Foston, Esquire
770 Kapiolani Blvd.
Honolulu, Hawaii 96813

ON BEHALF OF SERVICE
David L. Milhollan
Appellate Trial Attorney

Gary Y. Fujiwara
Acting Trial Attorney

The alien respondent has appealed from the September 29, 1972 decision of an immigration judge in which the respondent was found deportable, was denied adjustment of status under section 245 of the Immigration and Nationality Act, and was granted the privilege of voluntary departure. The record will be remanded for further proceedings.

At the hearing below, counsel for the respondent attacked the manner in which these proceedings were instituted. However, as was acknowledged by counsel at oral argument, and as was set forth in the acting trial attorney's brief, the Service complied with the pertinent regulations in serving the order to show cause on the respondent. The respondent has not been denied due process.

The respondent is a native and citizen of Tonga. He has conceded deportability as a nonimmigrant visitor who has remained beyond the authorized length of his stay, and the only issues on appeal involve his application for section 245 relief.

206

The respondent is seeking adjustment of status as a nonpreference immigrant. He claims that he qualifies for an exemption from the labor certification requirements of section 212(a)(14) as an "investor" within the meaning of 8 CFR 212.8(b)(4). The respondent formally presented his "investor" claim prior to the 1973 amendment of the regulation. His claim will therefore be judged by whichever formulation of the regulation is more favorable to him. *Matter of Ko,* 14 I. & N. Dec. 349 (Dep. Assoc. Comm. 1973); *Matter of Heitland,* 14 I. & N. Dec. 563 (BIA 1974).

Prior to his visit to the United States, the respondent had been a merchant and had resided in American Samoa. The respondent sold his businesses in American Samoa before journeying to the United States. His purpose in coming here was to obtain medical treatment for his son, a native of American Samoa.

The respondent operates a landscape and yard service in Hawaii. He commenced this business with an investment of approximately $7,000. At the date of his hearing, he evidently had added to this initial investment, but had still devoted less than $10,000 to the enterprise. He employs two United States citizen laborers, and he appears to have accumulated over $9,000 which he plans also to invest in the business provided he receives adjustment of status. The respondent contends that he is "actively in the process" of investing these additional funds, and that this amount must be added to his actual investment in the business to determine whether he qualifies under the regulation.

Under either formulation of the "investor" regulation, capital which is "actively in the process" of being invested may be employed in computing the amount of the alien's investment. This respondent, however, has not committed his new funds to the business; he simply intends to purchase new equipment should he receive status as a permanent resident. While we understand the respondent's hesitancy in acting in the face of uncertainty, such a "conditional intent" to invest does not qualify under 8 CFR 212.8(b)(4).

We shall not attempt to set forth a complete definition of this phrase. However, we hold that an alien is not "actively in the process" of making an investment if he merely possesses uncommitted funds which he intends to devote to his enterprise in the event that he receives adjustment of status under section 245. Since the amount of the respondent's investment, as reflected in the record, is under $10,000, he cannot qualify as an "investor" under the present version of the regulation.

The respondent predicated his "investor" claim on our decision in *Matter of Finau,* 12 I. & N. Dec. 86 (BIA 1967), which was decided under the earlier version of the regulation. However, in *Matter of Heitland,* supra, we overruled *Finau.* Furthermore, this case arose prior to *Matter of Ahmad,* 15 I. & N. Dec. 81 (BIA 1974), and the

respondent has not sufficiently documented his "investor" claim within the contemplation of that decision.

We shall remand the record to the immigration judge in order to give the respondent the opportunity to further document his investment, and in order to permit the immigration judge to determine whether the respondent may qualify as an "investor" under the approach set forth in *Matter of Heitland*, supra.

ORDER: The record is remanded to the immigration judge for further proceedings.

Chairman David L. Milhollan abstained from consideration of this case.