MATTER OF LEE

In Deportation Proceedings

A–19110844
A–20048328

*Decided by Board July 28, 1975*

(1) Respondent's promissory note to invest an additional $5,000 in a restaurant if his status is adjusted may not be considered in computing the amount of an investment under 8 CFR. 212.8(b)(4) for the purpose of obtaining an exemption from the labor certification requirement of section 212(a)(14) of the Immigration and Nationality Act, as amended, as an investor. Since he has actually invested only $5,000 in the business, he is ineligible for exemption under existing regulations.

(2) In the absence of a showing that respondent's investment of $5,000 in a restaurant in which he is working as a cook is actually employed in the operation of the business; has tended to expand job opportunities; and is of an amount adequate to insure with sufficient certainty that his primary function with respect to the investment, and with respect to the economy, will not be as a skilled or unskilled laborer (when, on the contrary, his present employment as a cook seems to place him in competition with American labor), he has failed to establish that he is exempt from the labor certification requirement of the Act, as an investor, under the provisions of 8 CFR 212.8 (b)(4) prior to amendment in 1973.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—
—remained longer (both respondents)

ON BEHALF OF RESPONDENTS:
Albert C. Lum, Esquire
970 Hill Street, Suite 202
Los Angeles, California 90012

ON BEHALF OF SERVICE:
Stuart Shelby
Trial Attorney

In a decision dated November 30, 1972, the immigration judge found the respondents deportable as charged, denied their applications for adjustment of status under section 245 of the Immigration and Nationality Act, and granted them the privilege of departing voluntarily from the United States in lieu of deportation. The respondents have appealed from that decision. The appeal will be dismissed.

The alien respondents, husband and wife, are natives and citizens of China. At the hearing, they conceded deportability. The only issue on this appeal concerns the male respondent's application for adjustment of

status as an alien who is exempt from the labor certification requirements of the Act by virtue of the "investor" exemption contained in 8 CFR 212.8(b)(4).

The male respondent formally presented his "investor" claim prior to the 1973 amendment of 8 CFR 212.8(b)(4). His claim will therefore be judged by whichever formulation of the regulation is more favorable to him. *Matter of Heitland*, 14 I. & N. Dec. 563 (BIA 1974); *Matter of Ko*, 14 I. & N. Dec. 349 (Dep. Assoc. Comm. 1973).

The male respondent claims to have invested $10,000 in a Chinese restaurant in which he is presently working as a cook. He has submitted a "general partnership agreement" stating that in return for an investment of $10,000 he will receive 25 percent of the profits of the business. He has submitted a canceled check for $5,000 made out to the restaurant, and he also has presented what purports to be a promissory note obliging him to pay an additional $5,000 within 120 days from the date of signing of the "general partnership agreement." At the hearing, however, the respondent indicated that the other partners have agreed that the $5,000 covered by the note will not become due unless and until his status is adjusted to that of a lawful permanent resident of the United States (Tr. pp. 5, 23).

Assuming *arguendo* that a promissory note may be considered in computing the amount of an investment under 8 CFR 212.8(b)(4), we do not believe that this particular note constitutes part of the respondent's investment. The note merely represents an intention by the respondent to invest an additional $5,000 in the restaurant if he has his status adjusted. An alien who is deferring a portion of his capital investment pending approval of his application for adjustment of status cannot be said to be one who has "invested" or is "actively in the process of investing" such capital. *Matter of Lui*, 15 I. & N. Dec. 206 (BIA 1975). The respondent's investment in the restaurant business is, at best, the $5,000 evidenced by his personal check to the restaurant. Consequently, he does not meet the $10,000 requirement of the present regulations.

The remaining question is whether the respondent could qualify as an "investor" under the earlier version of the regulations. In *Matter of Heitland*, supra, we overruled our decision in *Matter of Finau*, 12 I. & N. Dec. 86 (BIA 1967), and held that in order to qualify for the "investor" exemption under the old regulations:

the investment either must tend to expand job opportunities and thus offset any adverse impact which the alien's employment may have on the market for jobs, or must be of an amount adequate to insure, with sufficient certainty, that the alien's primary function with respect to the investment, and with respect to the economy, will not be as a skilled or unskilled laborer.

In *Matter of Ahmad*, 15 I. & N. Dec. (BIA 1974), we noted that the "investor" exemption should not become a means of circumventing the

normal labor certification procedures for skilled or unskilled labor. We placed rigorous standards of proof upon the "investor" claimant, stating that proof of the investment "must be unambiguous, and doubts should be resolved against the 'investor' claimant."

The "general partnership agreement" submitted in the present case merely states that the respondent "will deposit in the Chinese Palace general bank account the cash sum of Five Thousand Dollars." The unaudited financial records of the restaurant are dated January 1972, prior to the respondent's alleged investment of $5,000 in July 1972. There is nothing in the record to show that the funds the respondent allegedly invested are actually employed in the operation of the business. See *Matter of Ahmad*, supra; *Matter of Heitland*, supra.

Taken as a whole, the record fails to establish that the respondent's claimed investment has tended to expand job opportunities. Nor does the record establish that the respondent's claimed investment is of an amount adequate to insure with sufficient certainty that the respondent's primary function with respect to the investment, and with respect to the economy, will not be as a skilled or unskilled laborer. On the contrary, the respondent's present employment as a cook seems to place him in competition with American labor. We are not satisfied that the respondent's alleged investment is anything but "a mere conduit by which the alien seeks to enter the skilled or unskilled labor market." See *Matter of Heitland*, supra.

The respondent has not established that he is exempt from the labor certification requirements of the Act as an "investor." Consequently, he has not established his eligibility for adjustment of status. Since the female respondent's application was based on that of her husband, it also must fail. The result reached by the immigration judge was correct. The appeal will be dismissed.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondents are permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondents shall be deported as provided in the immigration judge's order.