## MATTER OF CHIANG

### In Deportation Proceedings

### A-18504376

*Decided by Board July 30, 1975*

Respondent, an applicant for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, who seeks exemption from the labor certification requirement of section 212(a)(14) of the Act under the provisions of 8 CFR 212.8(b)(4) as an investor in one company, and who holds with another company an unrelated full-time job for which he has not obtained a labor certification, would be ineligible for exemption from the labor certification requirement as an investor even if he could submit adequate proof of his investment since a grant of "investor" status to such an alien who holds an unrelated full-time job in competition with American labor would circumvent the labor certification requirements of the statute.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer than permitted.

ON BEHALF OF RESPONDENT: Hiram W. Kwan, Esquire
840 North Broadway, Suite 200
Los Angeles, California 90012

In a decision dated December 14, 1972, the immigration judge found the respondent deportable as charged, denied his application for adjustment of status under section 245 of the Immigration and Nationality Act, and granted him the privilege of departing voluntarily from the United States in lieu of deportation. The respondent has appealed from that decision. The appeal will be dismissed.

The alien respondent is a native and citizen of China. At the hearing, he conceded deportability. The only issue on this appeal concerns the respondent's application for adjustment of status as an alien who is exempt from the labor certification requirements of the Act by virtue of the "investor" exemption contained in 8 CFR 212.8(b)(4).

The respondent entered the United States in 1969 as a nonimmigrant student. Shortly thereafter, in violation of his student status, he took employment with the Global Marine Company as an accountant. The respondent was still employed by the Global Marine Company at the time of the hearing, earning $805 per month. No labor certification for such employment was obtained.

The respondent claims to have invested in an enterprise known as the California Herb Tonic Company. The exact nature of this business is somewhat unclear from the record. The only evidence of the alleged investment is an unaudited balance sheet, prepared by the respondent himself, and a City of Los Angeles Business Tax Statement. [1]

The respondent formally presented his "investor" claim prior to the 1973 amendment of 8 CFR 212.8(b)(4). He is therefore entitled to have his claim judged by whichever formulation of the regulations is more favorable to him. *Matter of Heitland*, 14 I. & N. Dec. 563 (BIA 1974); *Matter of Ko*, 14 I. & N. Dec. 349 (Dep. Assoc. Comm. 1973). However, the respondent's "investor" claim is patently inadequate to qualify under either form of the regulation.

With respect to the pre-1973 regulations, the respondent has not established either that his investment tends to expand job opportunities or that the investment is of an amount adequate to insure that the alien's primary function will not be as skilled or unskilled laborer. See *Matter of Heitland*, supra. With respect to the present form of the regulations, the respondent has not met the standards of proof set forth in *Matter of Ahmad*, 15 I. & N. Dec. 81 (BIA 1974), nor has he demonstrated any likelihood that he could meet them.

Finally, even if the respondent could submit adequate proof of his investment, we would still find him to be statutorily ineligible for adjustment of status, because of his employment with Global Marine Company for which no labor certification has been obtained. In *Matter of Pfahler*, 12 I. & N. Dec. 114 (BIA 1967), we held that where an alien applicant for admission was coming to the United States with labor certification for one job, but was planning on obtaining a second job, it was incumbent upon him to obtain labor certification for the second job as well. We believe that the same rationale should be applied to one seeking the "investor" exemption from the labor certification requirement of the Act. We have stated that the "the 'investor' exemption contained in 8 CFR 212.8(b)(4) should not become a means of circumventing the normal labor certification procedures for an ordinary skilled or unskilled laborer." *Matter of Ahmad*, supra. To grant "investor" status to an alien who holds an unrelated full-time job in competition with American labor would be to countenance the very type of evasion of the labor certification procedures that we were concerned with in *Matter of Ahmad*.

The immigration judge's decision was correct. The appeal will be dismissed.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the re-

---

[1] The latter has the respondent's name written in over the crossed out name of his "partner's" former spouse.

spondent is permitted to depart from the United States voluntarily within 90 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.