MATTER OF KO

In Deportation Proceedings

A-20548879

*Decided by Board June 17, 1976*

(1) Operations Instruction 245.4(a)(6) which provides that a case will be held in abeyance where the sole basis for applicant's ineligibility for relief under section 245 of the Immigration and Nationality Act is the unavailability of a visa number occurring subsequent to the filing of the application is not applicable to a case where respondent's application for adjustment of status was denied for lack of a valid labor certification, because in such instance, the respondent's ineligibility for section 245 relief was based on a reason other than the unavailability of a visa number which had occurred subsequent to the filing of the application.

(2) *Matter of Ho*, 15 I. & N. Dec. 692, distinguished.

CHARGE:

Order: Act of 1952—Section 241(a)(2)—[8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer

ON BEHALF OF RESPONDENT: John B. Bartos, Esquire
4676 Admiralty Way, Suite 632
Marina Del Rey, CA 90291

In a decision dated August 18, 1975, the immigration judge found the respondent deportable, denied his application for adjustment of status under section 245 of the Immigration and Nationality Act, and granted the respondent the privilege of voluntary departure. The respondent has appealed from the denial of his application for adjustment of status. The appeal will be dismissed.

The respondent is a native and citizen of China who entered the United States in 1971 as a nonimmigrant student. The respondent has conceded deportability as a nonimmigrant who has remained beyond the authorized length of his stay. The only issues on appeal involve the denial of the respondent's application for section 245 relief.

The respondent initially submitted his application for adjustment of status to the district director, prior to the commencement of these proceedings. At that time, the respondent sought section 245 relief as a nonpreference immigrant claiming exemption from the labor certification requirements of section 212(a)(14) as an investor within the

695

contemplation of 8 CFR 212.8 (b)(4). The district director denied the respondent's section 245 application, finding that the respondent had not established his claim to investor status. The district director based his decision on the respondent's lack of training in the field in which he allegedly invested, and the fact that the respondent appears to be a minority shareholder in the business. The respondent evidently filed a motion to reconsider the district director. However, prior to the filing of that motion the district director had issued the order to show cause in this case, thus lodging jurisdiction over the section 245 application with the immigration judge. See 8 CFR 245.2(a)(1).

At his hearing the respondent renewed his application for section 245 relief before the immigration judge. The immigration judge denied the application on the ground that a visa was not then available to the respondent as a nonpreference immigrant. See Department of State bulletin on the Availability of Immigrant Visa Numbers for August 1975. A review of recent Department of State bulletins on the Availability of Immigrant Visa Numbers indicates that visas have been unavailable to nonpreference aliens from China since June of 1975.

In his brief on appeal, counsel for the respondent implicitly acknowledges the fact that a visa is presently unavailable to the respondent as a nonpreference immigrant. Counsel, however, seeks a remand on the basis of the Service policy expressed in Operations Instruction 245.4 (a)(6). In his brief, counsel also requests that the district director be required to process the respondent's application for a labor certification as a professional (Form MA7–50A). While it is not entirely clear from the record, it appears that the respondent desires to be classified as a preference immigrant under section 203(a)(3) of the Act.

The Operations Instruction relied upon by the respondent basically provides for the holding in abeyance of any case in which an alien has submitted a section 245 application at a time when a visa number was available to him, but in which he is precluded from receiving that relief *solely* because a visa number is not available at the time the processing of the case is completed. The respondent contends that this Operations Instruction has application in this case because he submitted his section 245 application to the District Director at a time when a nonpreference number was available to him. We find, however, that the Operations Instruction has no bearing on this case because there is another basis for denial of the respondent's application for adjustment of status. This case, therefore, differs from *Matter of Ho*, 15 I. & N. Dec. 692, also decided today, because the respondent's ineligibility for section 245 relief is not *solely* related to the unavailability of an immigrant visa number.

In order to be eligible for adjustment of status the respondent must meet the labor certification requirements of section 212(a)(14) of the

Act. The respondent presently contends that he meets this requirement as an investor. The district director's decision denying the respondent's application for adjustment of status, however, calls into question many aspects of the respondent's investment. That decision appears to have been correct. For example, the respondent has not shown that he has assumed substantial responsibility for the direction and control of the enterprise as is required to qualify for the investor exemption. See *Matter of Yang,* 15 I. & N. Dec. 147 (R.C. 1974); *Matter of Ko,* 14 I. & N. Dec. 349 (Dep. Assoc. Commr. 1973). The respondent has therefore failed to meet the burden of proof requirements imposed by *Matter of Ahmad,* 15 I. & N. Dec. 81 (BIA 1974). In addition, the respondent has not shown that he is eligible for adjustment of status as a preference immigrant under section 203(a)(3) or (a)(6). We note that the pendency of these deportation proceedings does not bar the respondent from attempting to establish such eligibility by seeking approval of a petition filed under 8 CFR Part 204.

The respondent is not presently eligible for adjustment of status under section 245. On this record, it has not shown that he meets the labor certification requirements of section 212(a)(14) of the Act. Furthermore, as has been indicated, a visa is not presently available to the respondent as a nonpreference immigrant. The decision of the immigration judge was correct. The appeal will be dismissed.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 31 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.